ALMON, Justice.
Petitioners seek a writ of mandamus to compel Judge Michael E. Zoghby, Circuit Court of Mobile County, to vacate his protective order of July 10, 1981, and permit the petitioners to depose Joseph Farley, President of Alabama Power Company.
*773 On May 6, 1979, David L. Williams and Jeri Williams were killed when the sailboat they were operating came into contact with a high voltage line owned and maintained by Alabama Power Company. On July 18, 1979, two separate actions were instituted by the administrators of the estates of David L. and Jeri Williams. The actions were filed in the Circuit Court of Mobile County. On March 4, 1980, the actions were removed to the United States District Court for the Southern District of Alabama. On October 31,1980, the actions were transferred back to the Circuit Court of Mobile County.
While the eases were pending in federal district court, the plaintiffs sought to take the deposition of Joseph Farley. On July 10, 1980, the deposition of Farley was taken. During the course of the deposition, counsel for Alabama Power objected to several questions asked Farley and instructed him not to answer the questions. As a result, the United States magistrate entered an order reconvening the deposition and imposing sanctions against Alabama Power based on his finding that the actions of Alabama Power’s counsel were improper. The order that the United States magistrate entered required the deposition to be taken on or before August 20 but, before the deposition was taken, the case was remanded to the Circuit Court of Mobile County on October 31, 1980.
On approximately June 19, 1981, the plaintiffs gave notice that they intended to take Joseph Farley’s deposition on June 29, 1981. On June 25, 1981, Alabama Power filed a motion for a protective order or in the alternative for an order quashing notice of the deposition. In its motion Alabama Power asserted as grounds that: (1) only one week’s notice of the taking of the deposition was given, which was not reasonable notice; (2) the deposition should be taken in Birmingham and not Mobile, where the plaintiffs had scheduled it; and (3) there was no showing by the plaintiffs that Mr. Farley had knowledge of any facts relevant to the case. The circuit court granted the motion to quash notice and also granted a protective order.
The scope of discovery is very broad, as evidenced by Alabama Rules of Civil Procedure (A.R.C.P.), Rule 26(a) and (b). “Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action....” A.R.C.P., 26(b)(1).
A.R.C.P., 26(c) states the prerequisites for obtaining a protective order as follows:
(c) Protective orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or inspection is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense

Thus, to be entitled to a protective order the person seeking the order must show good cause why the deposition would be unduly burdensome or expensive, or would be oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978).
In his answer to the petition for writ of mandamus, Judge Zoghby states that he did not think that Mobile was the proper location for the taking of the deposition. Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation’s principal place of business, especially when the corporation is a defendant. Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979). There may be circumstances that would justify the taking of a deposition somewhere other than the corporation’s principal place of business. The federal magistrate has already determined that the deposition should be taken. Subsequently, the magistrate, finding the actions of counsel for Alabama Power to be such as to effectively prevent the taking of the deposition, imposed sanctions against *774 Alabama Power. However, the trial judge is vested with broad discretion as to the particular details of discovery. Judge Zoghby determined that Mobile was not the proper place for the taking of the deposition. We cannot say he has abused his discretion in so holding.
The same is true with respect to Judge Zoghby’s finding that the notice of the taking of the deposition was not reasonable notice as required by Alabama Rule of Civil Procedure 30(b)(1). This finding was within his discretion.
Based on the above two reasons, the order of Judge Zoghby to quash the notice of the taking of the deposition was proper, and a writ of mandamus will not issue to compel him to vacate the order.
The protective order is another matter. Judge Zoghby states in his answer to the petition that the information furnished him by the plaintiffs was “woefully inadequate” in demonstrating that Farley had some pri- or knowledge of the problem with the subject power line prior to the accident on May 6, 1979. However, it is the person seeking the protective order and not the person seeking discovery that must make a showing of good cause. The person seeking a protective order must show good cause why discovery should not be had. The fact that a person claims lack of knowledge is not a showing of good cause.
Alabama Power and Judge Zoghby rely on Salter, supra, for their position that a claim of lack of knowledge will justify a protective order preventing discovery. In Salter, the trial judge required the plaintiff to depose other employees of Upjohn before they deposed Upjohn’s president. The trial judge did so after Upjohn indicated that other employees had more knowledge of the facts than did the president. Nowhere in its motion for a protective order does Alabama Power allege that there are other employees with more knowledge of the facts than Mr. Farley.
The trial judge in Salter indicated that if the testimony of the other employees was unsatisfactory, he would allow the president to be deposed. It is also important that in Salter the company president had given testimony to a Senate committee, on the very subject upon which discovery was sought.
To prevent the taking of a deposition because there has been no showing that the proposed deponent has any knowledge of facts relating to the case is not a proper exercise of discretion. Alabama Power was required to show good cause to be entitled to a protective order. Alabama Power’s motion of June 25, 1981, does not give any basis for a finding of good cause to prevent the taking of the deposition.
We observe that but for the actions of Alabama Power’s counsel at the first deposition, there would have been no need for these proceedings or a subsequent deposition. Hence, if upon notification of this decision, the circuit court does not vacate its protective order of July 10, 1981, and proceed to order the reconvening of the deposition of Joseph Farley, upon proper notice and at the appropriate location, a writ to effectuate such action will issue upon request of the petitioners.
WRIT AWARDED CONDITIONALLY.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.